```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Donald Harvey,                  :

      Plaintiff,            :

  v.                            :       Case No. 2:12-cv-779

Gary Mohr, et al.,              :       JUDGE ALGENON L. MARBLEY
                                                   Magistrate Judge Kemp
      Defendants.          :

## REPORT AND RECOMMENDATION

    Defendants filed a motion for summary judgment on September 25, 2013, together with a supporting memorandum of law. Despite the requirement under Local Rule 7.2(a)(2) that a memorandum opposing the motion be filed within 21 days from the date of service of the motion, no such memorandum was filed. On November 14, 2013, this Court ordered plaintiff to respond within 14 days or face dismissal of this action without prejudice for failure to prosecute. Despite the passage of the time for response set forth in that order, plaintiff has not responded.

    If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). <u>Link v. Wabash R. Co.</u>, 370 U.S. 626 (1962); <u>Boudwin v. Graystone Insurance Co.</u>, 756 F.2d 399 (5th Cir. 1985). Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief. <u>Dynes v. Army Air Force Exchange Service</u>, 720 F.2d 1495 (11th Cir. 1983). Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, see <u>Harris v. Callwood</u>, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders

before the dismissal occurs.  Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972)(per curiam).  Such a dismissal is also appropriate for failure to respond to a summary judgment motion.  See Stanley v. Continental Oil Co., 536 F.2d 914 (10th Cir. 1976); see also Lang v. Wyrick, 590 F.2d 257 (8th Cir. 1978).

    The facts of this case indicate a clear failure to prosecute.  The Court specifically advised plaintiff that this action would be dismissed if plaintiff failed to respond.  Plaintiff has not offered any explanation for the failure to respond.  Therefore, the Court can only conclude that the failure is intentional.  An intentional failure to respond to a court order is sufficient justification for a dismissal.

    For the foregoing reasons, it is recommended that this action be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  A dismissal without prejudice would include any claims against the John/Jane Doe defendants who have not been identified or served.

## PROCEDURE ON OBJECTIONS

    If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

<pre>
                              /s/ Terence P. Kemp          
                              United States Magistrate Judge
</pre>